Slip Op. 18 - 49

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WHEATLAND TUBE COMPANY,<br><br>      Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>      Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 17-00021 |

**OPINION and ORDER**

[Final Determination remanded.]

Dated: April 24, 2018

  Roger B. Schagrin and Christopher T. Cloutier, Schagrin Associates of Washington, DC for Plaintiff Wheatland Tube Company.

  Elizabeth A. Speck, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC for Defendant, United States. With her on the brief was Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Mykhalo A. Gryzlov, Senior Counsel, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement and Compliance of Washington, DC.

  Julie C. Mendoza, Donald B. Cameron, R. Will Planert, Brady W. Mills, Mary S. Hodgins, Eugene Degnan, and Sarah S. Sprinkle, Morris, Manning & Martin LLP of Washington, DC for Defendant-Intervenors Universal Tube and Plastic Industries, Ltd., Universal Tube and Plastic Industries, LLC, KHK Scaffolding & Framework, LLC, Prime Metal Corporation USA, and UTP Pipe USA Corporation.

  Gordon, Judge: Plaintiff, Wheatland Tube Company ("Wheatland"), a U.S. producer of circular welded carbon - quality steel pipe ("CWP"), challenges the treatment of the cost of caps by the U.S. Department of Commerce ("Commerce") in its investigation of CWP from the United Arab Emirates ("UAE"). Circular Welded Carbon - Quality Steel

Pipe from the United Arab Emirates, 81 Fed. Re g. 75,030 (Dep't of Commerce Oct. 28, 2016) (final LTFV determ.) ("Final Determination"); Issues and Decision Memorandum for Circular Welded Carbon - Quality Steel Pipe from the United Arab Emirates, A-520-807 (Dep't of Commerce Oct. 21, 2016) available at http://enforcement.trade.gov/frn/summary/uae/2016-26107-1.pdf (last visited on August 24, 2017) ("Decision Memorandum").

Commerce discovered during verification that respondent, Universal Tube and Plastic Industries, LLC – Jebel Ali Branch, Universal Tube and Pipe Industries, Ltd., and KHK Scaffolding and Framework LLC (collectively, "Universal"), had impermissibly double counted the cost of caps as both a packing expense and part of its cost of manufacturing. Decision Memorandum at 30. In its questionnaire responses Universal reported the costs of the caps as packing expenses. See Universal Tube's Section B-D Quest. Resp., PD 106 at B-40 at barcode 3441400-01 (Feb. 11, 2016). At verification, however, Universal altered its approach and explained that "caps are not used as packing material" and "expenses related to purchases of caps are not recorded in [an] account" that reflects purchases of packing materials. See Verification of Sales Response of Universal Tube & Plastic Indus., Ltd. (Sales Verification Report) (Aug, 16, 2016), P.R. 261, at 17. According to Universal, "they record these expenses as part of the cost of manufacturing" in a different account. Id. Commerce bought this explanation, noting in the verification report that "removing the cost of caps . . . from UTP's packing expense calculation is appropriate." Id.

Universal omitted from its explanation that Commerce had treated its caps as a packing expense in a prior proceeding, <u>Circular Welded Carbon - Quality Steel Pipe from the United Arab Emirates</u>, 77 Fed. Reg. 64,475 (Dep't of Commerce Oct. 22, 2012) (final LTFV determ.) and accompanying Issues and Decision Memorandum at Comment 6, available at https://enforcement.trade.gov/frn/summary/uae/2012-25972-1.pdf (last visited on this date). Wheatland subsequently corrected that omission, alerting Commerce to the prior treatment, as well as its treatment of caps as a packing expense in other proceedings involving the same product, <u>Circular Welded Carbon - Quality Steel Pipe from the Socialist Republic of Vietnam: Final Determination of Sales at Less Than Fair Value</u>, 81 Fed. Reg. 75,042 (Dep't of Commerce Oct. 28, 2016) (final LTFV determ.) and accompanying Issues and Decision Memorandum at Comment 3, available at https://enforcement.trade.gov/frn/summary/vietnam/2016-26112-1.pdf (last visited on this date). <u>Decision Memorandum</u> at 29.

By that point, however, Commerce had already instructed Universal to remove the cost of caps from packing expenses, treating them as a cost of Universal's manufacturing. Responding to Wheatland's case brief, Commerce sidestepped its prior treatment of the cost of caps, offering an apologia that "[b]ecause [the double counting error] was not discovered until verification, the record does not contain sufficient information to determine whether caps should be treated as packing or a direct material." <u>Id.</u> at 30. Succumbing to situational inertia, Commerce accounted for the caps as a direct material in the cost of manufacturing, but hedged its decision, noting that it would

"consider the appropriate treatment of caps in a subsequent administrative review, if one is requested." Id.

Before the court Wheatland argues that Commerce's treatment of the cost of caps was unreasonable given Commerce's prior treatment of that cost. See Wheatland Br. at 6; Wheatland Reply Br. at 1-4. The court agrees. Neither Commerce nor Universal dispute that Commerce has treated the cost of caps as an expense in those other proceedings. See Def's. Resp. Br. at 6-10, Universal Resp. Br. at 5-7. Rather than address the prior inconsistent treatment, both Defendant and Universal argue that Commerce's handling of the cost of caps is justified under a general statutory directive that Commerce "normally" calculate the cost of production consistent with,a respondent's accounting records. Def's. Br. at 6; Universal's Br. at 3, 5 (citing 19 U.S.C. § 1677b(f)(1)(A)). That post hoc reasoning, however, is nowhere found in Commerce's determination. Decision Memorandum at 30. Commerce did not adopt that rationale, sensibly the court believes, because as Wheatland notes, the statute also directs Commerce to make adjustments to normal value for "coverings" used for packing, 19 U.S.C. § 1677b(a)(6), and to make corresponding adjustments to export price, 19 U.S.C. § 1677a(c)(1)(A). Wheatland Reply Br. at 1. Commerce implicitly appears to have understood that the cost of caps may need to be addressed differently than Universal's treatment of those expenses in its internal accounting, and left open the possibility that it might do so in subsequent proceedings. Decision Memorandum at 30.

Commerce ultimately concluded that "the record does not contain sufficient information to determine whether caps should be treated as packing or a direct material." Id. This raises the question of whether Universal may have failed to carry its burden of establishing the basis for a claimed adjustment that differs from Commerce's prior treatment for that cost, e.g., demonstrating that the caps have some particular end use other than mere protection of the pipe threads during transportation and storage. Without that evidentiary proffer, the court is wondering how Commerce could reasonably depart from its prior treatment of the caps as a packing expense. Defendant and Universal's detailed explanation of Universal's accounting system strikes the court as unresponsive to the posture of the litigation and that prior administrative law. Commerce's failure to address its prior inconsistent treatment of this cost is unreasonable and requires a remand.

Accordingly, it is hereby

**ORDERED** that the Final Determination is remanded to Commerce to reconsider its treatment of Universal's cost of caps; it is further

**ORDERED** that Commerce shall file its remand results on or before June 22, 2018; and it is further

Court No. 17-00021    Page 6

**ORDERED** that, if applicable, the parties shall file a proposed scheduling order with page limits for comments on the remand results no later than seven days after the Commission files its remand results with the court.

                                                              /s/ Leo M. Gordon
                                                           Judge Leo M. Gordon

Dated: April 24, 2018
       New York, New York